### No. 2089
### Second Circuit Appeal

---

### MRS. JEANNE LEHMAN v. REMO ABRAHAM

---

(June 12, 1925, Opinion and Decree.) ·

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Party Wall—Par. 7. Where one makes use of a party wall for lateral support and to prevent the roof from leaking, he must pay for one-half of the wall under Civil Code, Articles 675, 676 and 677.

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. L. L. Hooe, Judge.

This is a suit to recover one-half the cost of a brick party wall.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

T. A. Carter, of Alexandria, attorney for plaintiff, appellee.

G. P. Whittington, of Alexandria, attorney for defendant, appellant.

CARVER, J. Plaintiff sues defendant for three hundred and sixty seven dollars, being one half of the cost of a brick wall which, she claims, was made a party wall by defendants in remodeling a building on the property adjoining. Defendants deny making the wall a party wall and claim that they are not using it. From an adverse judgment defendants appeal. When Mrs. Lehman built the house of which the wall in question is a part, the adjoining lot was vacant and was owned by one Dow. She built half the wall (about six inches of it, besides part of the foundation) on Dow's side of the division line. The proof does not show how far this foundation extended. Subsequently Dow erected a wooden building on his lot and thereafter sold lot and building to defendants who remodeled the building about four years afterwards, putting brick walls in the front and back, lowering the side walls by cutting off part of the bottom, and changing the pitch of the roof from the front to the rear. As originally constructed, the side of the Dow building next to plaintiff's was made of 2 x 4 studs, ceiled on Dow's side but without weatherboarding. The studs were placed on the foundation of plaintiff's wall, either direct or on intervening plats and rested against it; but otherwise there was no attachment between the walls. In the remodeling the

witness` Ball testifies that the end of defendants front brick was placed on plaintiff's foundation and that the roofing on defendant's building is attached to plaintiff's wall by means of asphalt or tar, apparently in order to make a leak proof joint. He is corroborated as to the roofing attachment by Sam Testa, who states place was made for the placing of the roofing paper and tar poured over it. These witnesses testified from inspection made shortly before the trial and their testimony is not offset by that of Israel West, who did the remodeling but had not viewed the premises since finishing the job and therefore testified not to present but to previous conditions. Leaving out of view defendants use of the foundation because of its projecting on defendant's property beyond the permissible distance, it appears that defendants are making use of the plaintiff's wall for lateral support to their building and also to prevent their roof from leaking. This is at least as much use as was held in Costa vs. Whitehead, et al. 20 La. Ann. 342, sufficient to render the user liable to the owner of the wall for one-half its value.

The judgment of the lower court is affirmed.