No. 3951

Second Circuit

BELLINO v. ABRAHAM ET AL.

(January 27, 1931. Opinion and Decree.)

T. A. Carter, of Alexandria, attorney for plaintiff, appellant.

G. P. Whittington, of Alexandria, attorney for defendants, appellees.

WEBB, J. Plaintiff, Anthony Bellino, owner of a lot which is contiguous to a lot owned by defendants, R. and A. Abraham, in the city of Alexandria, La., constructed a brick building on his property, placing one of the walls on the dividing line between the two lots, which extended six inches on the lot owned by defendants, and within about two inches of the wall of a frame building which had been previously erected on defendants' lot.

There is not any doubt there was not any connection between the buildings or walls referred to at that time, but, some time after the construction of the brick building, defendants made some repairs or changes in their building, and plaintiff, contending that in making such repairs defendants had made use of the brick wall referred to, brought suit to recover judgment against defendants for one-half of the cost of the wall, in which suit judgment was rendered rejecting plaintiff's demands, from which judgment plaintiff did not appeal.

Several years after the judgment was rendered, defendants made other repairs on their building, and plaintiff contends that defendants in making such repairs, made use of the brick wall constructed by him, and in this action plaintiff seeks to recover judgment against defendants for one-half of the cost of the wall, which the parties state was some $735.

On trial of the cause, the record in the previous action was filed in evidence, and

further evidence was introduced tending to show the connection which had been made between the two buildings and the use of the brick wall by defendants in repairing their building, and plaintiff appeals from an adverse judgment.

As stated, there was not any connection whatsoever between the two buildings when the building constructed by plaintiff was completed, and, while the evidence is conflicting relative to the use made by defendants, in repairing their building, of the wall constructed by plaintiff on the dividing line between the properties, the preponderance of the evidence does not establish that the building of defendants is supported or rests upon the wall constructed by plaintiff, or, in other words, the demolition of either building would not affect the other; but the evidence does not show that defendants, in repairing their building, had connected the roof with the wall constructed by plaintiff by cementing the material of which the roof was constructed to the wall, and placing flashing between the bricks of the wall above the point where the roofing material was cemented, and plaintiff urges that defendant by such act had made the wall a common wall, and became liable for one-half of the cost of the wall, under the provisions of articles 675 to 677, Civ. Code.

In support of the contention, appellant cites the case of Lehman v. Abraham, 2 La. App. 328, the syllabus of which reads:

"Where one makes use of a party wall for lateral support and to prevent the roof from leaking, he must pay for one-half of the wall under Civil Code, Articles 675, 676 and 677."

But in the cited case it appears that plaintiff had constructed a brick building on a lot contiguous to the lot of defendant, placing one of the walls on the line between the two lots, as allowed by article 675, Civ. Code, and that defendant subsequently constructed a frame building on his lot; the wall of which next to the wall constructed by plaintiff was not weather boarded, and defendant had connected the roof of his building with the wall, thus protecting the wall which had not been weather boarded.

In the present case, as previously stated, the building on defendants' lot was constructed prior to the time plaintiff constructed the building on his lot, and, at the time of the completion of the building on plaintiff's lot, the two buildings were separated by a distance of about two inches; and, while the evidence as stated shows that defendants subsequently connected the roof of their building with the wall constructed by plaintiff, the evidence does not show that the connection afforded any lateral support to defendants' building or that it was made to protect the wall of the building. While it may be that defendant, in connecting the roof with the wall, did so at less expense than would have been the case if he had constructed his roof in such manner that the water falling thereon would pass between the walls of the building, such use of the wall was not, under the evidence showing that defendant had removed the connection when plaintiff protested, sufficient to warrant it being held that plaintiff had made the wall one in common and to render defendants liable for one-half of the cost of the wall.

The judgment appealed from is therefore affirmed.